**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division**

UNITED STATES OF AMERICA

v.  Case No. 4:07cr17

JOHN CRAIG BUCHANAN,

      Defendant.

### ORDER

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), the Court held a hearing on March 2, 2007, on the United States Government's Motion to Detain Defendant. For the reasons set forth below, the Court FINDS that Defendant's detention pending trial is warranted.

On February 21, 2007, a federal grand jury issued an indictment charging Defendant with the following offenses: one (1) count of conspiracy to possess with intent to distribute, and to distribute, methamphetamine, in violation of 21 U.S.C. § 846; three (3) counts of distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); one (1) count of use of mail to distribute methamphetamine, in violation of 21 U.S.C. § 843(b); and one (1) count of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). Because these offenses involve a violation of the Controlled Substances Act, 21 U.S.C. §§ 801-864, which carries a

maximum prison term of ten (10) years or more,[1] a presumption in favor of detention applies in this case. See 18 U.S.C. § 3142(e).

The Court considered the nature and circumstances of the charged offenses, the weight of the evidence against Defendant, the history and characteristics of Defendant, and concludes that Defendant represents both a danger to the community and a risk of flight and that no condition or combination of conditions, imposed on Defendant by the Court, will reasonably assure the safety of the community or Defendant's return for further proceedings.

Considering the nature and circumstances of the charged offenses, the Court notes that the Defendant has been accused of crimes involving possession with the intent to distribute a substantial amount of methamphetamine.  If convicted on evidence beyond a reasonable doubt at trial, Defendant faces potential sentences of as much as twenty (20) years in the penitentiary and a $1 million fine.

The weight of the evidence against Defendant is strong. Defendant participated in a scheme to cause approximately 4.75 grams of methamphetamine to be delivered to a co-conspirator via U.S. Mail.  The co-conspirator was arrested when he received the package containing methamphetamine that Defendant caused to be mailed to him.   The  co-conspirator  confessed,  implicating

---

[1] The Court notes that if convicted upon evidence beyond a reasonable doubt at trial, Defendant is also subject to criminal forfeiture of certain property and proceeds pursuant to 21 U.S.C. § 853 and 18 U.S.C. § 924(d)(1) and 981(a)(1)(C).

Defendant. In addition, Defendant's fingerprint was found inside the package containing methamphetamine that he caused to be mailed to the co-conspirator.

According to testimony from Postal Inspector Cross, who testified for the Government and was cross-examined by Defendant, Defendant participated in two transactions for the sale and distribution of drugs, including cocaine and oxycontin, in January, 2007. These transactions were monitored by task force agents with the Tidewater/Peninsula Drug Task Force. Agent Cross advised the Court that the information relating to these two drug transactions was obtained from Task Force Agent E. W. Motley.

In addition, Postal Inspector Cross testified that she has obtained information from a reliable cooperating witness that Defendant's mother, a proposed third-party custodian, picked up packages intended for Defendant from the post office with knowledge that the packages contained illegal drugs.

When Defendant was arrested, he was found with a small quantity of marijuana on his person.

Defendant's personal history and characteristics indicate that he has strong ties to the local community. According to the Pretrial Services Report, Defendant has been employed as a truck driver/hauler earning $500 per week. Defendant stated that he has no assets and that he has significant liabilities. Defendant also reported a history of drug use and completion of a drug treatment program in November, 2006. Defendant has a criminal history which

includes a prior felony conviction for unauthorized use. Significantly, Defendant has been found guilty of failure to appear and his state probation has been revoked. In addition, Defendant had to be extradited from Arizona to face the felony charge of unauthorized use of which he was convicted in the Circuit Court of Lancaster County, Virginia, on February 16, 2006.

Because there is evidence that Defendant has been involved in drug transactions as recently as January, 2007, the Court FINDS that he is a danger to the community. See United States v. Williams, 753 F.2d 329, 335 (4th Cir. 1985) (noting that, due to the nature of the charges, the potential for pretrial recidivism exists in accused drug dealers). Because Defendant has a history that includes interstate travel to facilitate drug transactions, extradition proceedings, revocation of probation, and failure to appear, he represents a risk of flight.

Accordingly, the Court FINDS that Defendant should be detained pending trial. The Court therefore ORDERS Defendant DETAINED pending trial. See 18 U.S.C. § 3142(e) and (f); United States v. Gebro, 948 F.2d 1118, 1121 (9th Cir. 1991); United States v. Araneda, 899 F.2d 368, 370 (5th Cir. 1990); United States v. Jackson, 823 F.2d 4, 5 (2d Cir. 1987); United States v. Medina, 775 F.2d 1398, 1402 (11th Cir. 1985).

Consequently, the Court further ORDERS Defendant be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate,

to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Defendant to the United States Marshal for an appearance in connection with a court proceeding.

The Clerk shall mail or deliver a copy of this order to (i) the United States Attorney at Norfolk, (ii) the United States Marshal at Norfolk, (iii) the United States Pretrial Services Office at Norfolk, and (iv) counsel of record for Defendant.

Entered on March 2, 2007

/s/
F. Bradford Stillman
United States Magistrate Judge
